# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6316 | DATE | 7/19/2001 |
| CASE TITLE | Carla Letellier vs. First Credit Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order the defendant's motion to dismiss due to lack of subject matter jurisdiction pursuant to Rule 12(b)(6) is GRANTED [Doc. # 11] and the plaintiff's motion for default, or alternatively, partial summary judgment is rendered moot [Doc. # 12]. In addition, this court finds that all other motions before this court regarding this matter are rendered moot. This case is closed.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 2 0 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✔ | Docketing to mail notices. | docketing deputy initials | 41 |
| ✔ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| lc(vg) | courtroom deputy's initials | 01 JUL 19 PM 5: 05 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carla Letellier | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 00 C 6316 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| First Credit Services, Inc., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court is defendant First Credit Services, Inc.'s ("First Credit") motion to dismiss plaintiff Carla Letellier's ("Letellier") complaint, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Simultaneously before this court is the plaintiff's motion for default or, alternatively, a motion for partial summary judgment against the defendant due to legal and procedural violations. For the following reasons, the defendant's motion is GRANTED and the plaintiff's motion is DENIED.

### Statement of Facts

On October 13, 2000, the plaintiff Letellier filed a Complaint in this matter against the defendant First Credit, alleging that the defendant violated § 1692e of the FDCPA. Letellier alleges that First Credit is a debt collector subject to the provisions of the FDCPA, and that First Credit sent her a series of form collection letters demanding payment for a consumer debt that Letellier owed to Bank of America.. Letellier claims that the letters sent by First Credit did not contain the language mandated by § 1692g and § 1692e(11). Plaintiff's Complaint further alleges the existence of a class of persons similarly situated to plaintiff.

On February 26, 2001, First Credit sent the plaintiff's attorney, Joseph A. Longo

1

("Longo") an Offer of Judgment ("Offer") in an amount which represented all that the plaintiff could hope to recover under § 1692k of the FDCPA. The Offer itself states:

> First Credit Services, Inc., hereby offers to have judgment entered against it in the amount of $1000 to Claudia Echevarria.

As stated in the caption, the plaintiff's name in this case is actually Carla Letellier. The plaintiff's attorney and the defendant corresponded severally times subsequent to the presentation of the Offer of Judgment.

The defendant filed a motion to dismiss the plaintiff's complaint on April 4, 2001. On April 25, 2001 the plaintiff, through her attorney Longo, submitted to this court a motion to certify a class.

## Standard of Proof

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the defendant will prevail on the merits, but instead whether the defendant has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the defendant's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the defendant Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of

Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Analysis

First Credit moves to dismiss this action pursuant to Federal Rule of Civil 12(b)(1) on the grounds that the court lacks subject matter jurisdiction over this action. First Credit argues that the matter is moot pursuant to the Offer of Judgment which was made by First Credit on February 26, 2001. The plaintiff argues that the Offer was invalid and therefore rendered moot the plaintiff's claims on behalf of herself and those similarly situated.

A. Validity of Offer of Judgment

The plaintiff argues that the First Credit wrongly states that it made a Rule 68 Offer of Judgment to Letellier. Instead, the plaintiff contends that First Credit actually made an offer of judgment to a purported class member Echevarria.. As a class has not yet been certified, the plaintiff's attorney Longo asserts that he could not properly accept the Rule 68 Offer of Judgment on behalf of a purported class member.

First Credit contends that an error was made during the preparation of its Offer of Judgment and that Longo should have inquired as to the nature of the Offer in such circumstances or alerted the defendant that there was a mistake.[1]

In general, courts use contract principles to interpret offers of judgment. Webb v. James, 147 F.3d 617, 620 (7th Cir. 1998). See also Erdman v. Cochise County, Arizona, 926 F.2d 877, 880 (9th Cir.1991) (typically, a settlement agreement is analyzed in the same manner as any other

---

[1] First Credit provides an explanation for the error the fact that Echevarria is, in fact, a plaintiff in the case Claudia Echevarria v. The Bureaus, Inc., 00 C 2347, pending in the U.S. District Court for the Northern District of Illinois, and also being defended by counsel for the defendant in Letellier v. First Credit Services, Inc.

3

contract); Radecki v. Amoco Oil Co., 858 F.2d 397, 400 (8th Cir.1988) ("[t]o decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply the principles of contract law"); Johnson v. University College of University of Alabama, 706 F.2d 1205, 1209 (11th Cir.1983), cert. denied, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983) (same).

Under Illinois law, a written instrument may be reformed to conform with the intention of the parties upon proof by clear and convincing evidence of a mutual mistake of fact. Lukas v. Lightfoot, 131 Ill.App.3d 566, 569 (Ill.App.Ct. 1985) (citations omitted.). A mutual mistake exists when the contract has been written in terms which violate the understanding of both parties. Id. The instrument may also be reformed upon proof of a mistake by one party to the contract when the other party knows of the mistake and fails to inform the other party or conceals the truth from him. Id. (citing Biren v. Kluver (1976), 35 Ill.App.3d 692, 696, 342 N.E.2d 325.).

In this case, there is every indication that Longo understood that the Offer was intended for the named plaintiff in this case, Letellier, but deliberately chose not to clarify the situation. During the ten-day pendency of defendant's offer of judgment, counsel for the parties communicated on at least four separate occasions: March 6, 2001 - court hearing for report on parties' planning conference; March 6, 2001- parties' planning conference; March 12, 2001 - telephone conference; and March 13 - facsimile letter from plaintiff's counsel to defendant's counsel. While acknowledging receipt of an Offer of Judgment from the defendant, Longo never mentioned the fact that the Offer of Judgment had not been made out to the plaintiff in the case at bar.

On March 12 the plaintiff's attorney signed the Report of the Parties' Planning Conference which states in paragraph H that "[t]he parties have discussed a prompt settlement or

4

other resolution of this matter. The plaintiff made a written demand of $9,500 several months before the lawsuit was filed. *The defendant has made a Rule 68 offer of judgment of $1,000 for the individual plaintiff.*" (emphasis added).

This court agrees with the defendant that this sufficiently establishes that Longo fully understood and represented that the offer of judgement made by the defendant on February 26, 2001 was made to Letellier, the individual plaintiff but deliberately chose not to inform the defendant's of the mistake. In the presence of such clear and convincing evidence of Longo's attempt to conceal the mistake in the defendant's Offer, the Offer may be reformed to reflect the intention of both parties, namely that the Offer may be read having been made to Letellier and not Echevarria. Consequently, the Offer of Judgment made by First Credit on February 26, 2001 is carries the full weight of a valid offer of judgment under the present facts.

B. Effect of Valid Offer of Judgment on Plaintiff's Complaint

The Seventh Circuit, in Holstein v. City of Chicago, 29 F.3d 1145, 1146 (7th Cir. 1994), held that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake." A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit. Banks v. National Collegiate Athletic Ass'n, 977 F.2d 1081 (7th Cir. 1992), cert. denied, 508 U.S. 908 (1993).

In Holstein, the Seventh Circuit also addressed the operation of a Rule 68 offer of judgment in the case where a plaintiff attempts to represent a class. The Court stated that if a district court has certified the class before the expiration of the plaintiff's claims, mootness is

5

avoided. Holstein, 29 F.3d at 1147 (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 398 (1980)). Because the plaintiff in Holstein had not even moved for class certification prior to the evaporation of his personal stake through a Rule 68 offer of judgment, the plaintiff could not avail himself of the class action exception to the mootness doctrine. Id. at 1147

In this case, Letellier is seeking declaratory relief, statutory damages, costs and reasonable attorney's fees pursuant to § 1692k of the FDCPA on behalf of herself and those similarly situated. Under the FDCPA, statutory damages are limited to $1,000. First Credit sent an Offer of Judgment to the plaintiff's attorney Longo on February 26, 2001, offering all of the damages that Letellier requested in her complaint. The Offer indicated that First Credit would have judgment entered against it, that First Credit would pay $1000 as statutory damages and that First Credit would pay reasonable attorney's fees and costs to be determined by the court.

As there was no motion to certify a class in this case before the court either at the time First Credit presented its Offer to Letellier nor at any time during the ten-day pendency period, Letellier may not avail herself of the class exception to the mootness doctrine.[2] Therefore, the plaintiff's claim became moot once the defendant made a valid Offer of Judgment for the entire amount the plaintiff could hope to recover under the FDCPA,

---

[2] Longo only submitted a motion to certify a class on April 25, 2001

6

## Conclusion

For the following reasons the defendant's motion to dismiss due to lack of subject matter jurisdiction pursuant to Rule 12(b)(6) is GRANTED and the plaintiff's motion for default, or alternatively, partial summary judgment is rendered moot. In addition, this court finds that all other motions before this court regarding this matter are rendered moot.

Enter:

*David H. Coar* (signature)

David H. Coar

United States District Judge

Dated:

7